1

2

3

4

5

6            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
7                     AT SEATTLE

8   JOHN R. DEMOS, JR.,

9                          Plaintiff,          Case No. C22-1512-MJP-SKV

10        v.

11  THE U.S. DISTRICT COURT,                   REPORT AND RECOMMENDATION

12                         Defendant.

13

14        Plaintiff John Demos has presented to this Court for filing a document entitled "Motion

15  for Clarification" which has been construed as a proposed civil complaint. Dkt. 1. Plaintiff

16  indicates in his pleading that he is seeking reconsideration and clarification of the prior bar

17  orders entered by this Court. Dkt. 1 at 1. Plaintiff does not identify in his pleading the grounds

18  upon which he seeks reconsideration of the bar orders nor does he give any indication of the type

19  of clarification he believes is necessary.

20        Plaintiff did not submit with his pleading either the requisite filing fee or an application

21  to proceed with this action *in forma pauperis* ("IFP"). Instead, Plaintiff asserts in his pleading

22  that he has a "surety" who is willing to pay his court fees and legal financial obligations. *Id*. at 1.

23

REPORT AND RECOMMENDATION
PAGE - 1

Attached to Plaintiff's pleading is an affidavit, dated April 30, 2016, in which Plaintiff declares that he has entered into a "business marriage" with Warren E. Buffet who has agreed to pay Plaintiff's state and federal court filing fees. *Id.* at 2.

Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). Given Plaintiff's experience litigating in this Court, he is well aware that submission of the filing fee or an IFP application is a necessary prerequisite to initiating an action here. Plaintiff's failure to satisfy this requirement is fatal to this action. Plaintiff's representation that he has a surety willing to cover any costs he should incur is not sufficient.

It appears likely that Plaintiff's failure to seek leave to proceed with this action IFP is because his history as an abusive litigant has resulted in limitations on the number of actions he may submit in a given year. In particular, Plaintiff is limited to only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Plaintiff has already surpassed this limit for 2022. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00502-LK-JRC (W.D. Wash. 2022); *Demos v. State of Wash.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022). Thus, even if Plaintiff had submitted an IFP application in this matter, his litigation activities to date would preclude him from proceeding with this action.

REPORT AND RECOMMENDATION
PAGE - 2

Finally, the Court observes that leaving aside the filing fee deficiencies, Plaintiff's submission nonetheless identifies no viable basis for relief in this Court. Plaintiff purports to be seeking reconsideration of the Court's prior bar orders. The first vexatious litigant order pertaining to Mr. Demos was issued by this Court in 1982. *See In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). The most recent such order was issued in 1997. *See In re: John Robert Demos* (W.D. Wash. Mar. 13, 1997). Pursuant to Local Civil Rule ("LCR") 7(h)(2), a motion for reconsideration must be filed within fourteen days of the date the order to which it relates was filed. The rule also provides that a motion for reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." *See id*. Plaintiff's motion does not satisfy either of these criteria. As noted above, Plaintiff's motion also fails to explain what type of clarification of the Court's prior orders he deems necessary.

Based on the foregoing, this Court recommends that Plaintiff's motion for clarification (Dkt. 1) and this action be DISMISSED without prejudice. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed

REPORT AND RECOMMENDATION
PAGE - 3

within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 9, 2022**.

Dated this 15th day of November, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4